IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR AMRAMSKY and ALLA ABRAMSKY | : : : | CIVIL ACTION |
| v. | : : | |
| INGA ZMIRLI and VOLODYMYR LISOVYY | : : | NO. 12-6382 |

**MEMORANDUM**

**Padova, J.**                                                                                                            **January 31, 2013**

Plaintiffs, who own 50% of the shares of Golden Age Home Care, Inc. ("Golden Age"), have brought this action against the owners of the other 50% of the shares, seeking dissolution of Golden Age and an accounting of its financial records. Golden Age seeks leave to intervene as a Defendant in this action pursuant to Federal Rule of Civil Procedure 24. Defendants have joined Golden Age's Motion to Intervene to request, alternatively, that Golden Age be joined as a Defendant in this action pursuant to Federal Rule of Civil Procedure 19 or 20. For the following reasons, Golden Age's Motion to Intervene is dismissed insofar as it seeks leave for Golden Age's intervention in this matter and granted insofar as it seeks joinder of Golden Age as a Defendant pursuant to Federal Rule of Civil Procedure 19.

I.     BACKGROUND

The Complaint alleges that in October 2010, Plaintiff Victor Abamsky and this then wife, Plaintiff Alla Abramsky, entered into an oral agreement with defendants Inga Zmirli and her husband Volodymyr Lisovyy to form and operate a home care business called Golden Age Home Care. (Compl. ¶ 7.) Victor and Alla would together own 50% of the corporation and Inga and Volodymyr would together own the other half. (Id. ¶ 7.b.) The owners would share all aspects of the management and operation of the business and each couple would have a 50% voting

interest. (Id. ¶ 7.c.) The owners would contribute their time, effort and investment to the corporation on an equal basis. (Id. ¶ 7.d.) None of the owners would be entitled to salary until the corporation had a positive cash flow, at which time the owners would agree to reasonable salaries. (Id. ¶ 7.e.) The owners would share all profits and losses from the business equally. (Id. ¶ 7.f.) On October 28, 2010, Inga filed Articles of Incorporation with the Pennsylvania Department of State, creating Golden Age. (Id. ¶ 8, Ex. A.) From October 2010 until September 2012, Victor and Alla invested substantial time and effort, as well as approximately $20,000 into Golden Age. (Id. ¶¶ 9-11.) Victor and Alla did not receive compensation for these services and understood that Golden Age would not have any profits while it was building its business. (Id. ¶ 12.) Inga has at all times had exclusive possession of the financial books and records of Golden Age. (Id. ¶ 13.)

In April or May 2012, Golden Age began to generate a positive cash flow. (Id. ¶ 16.) At that time, the parties agreed that Inga would receive a salary of $15 per hour for services she provided to Golden Age and that Inga and Victor would each receive one-time distributions of $5,000. (Id. ¶¶ 17-18.) On September 28, 2012, without notice or provocation, Inga and Volodymyr took over exclusive control of Golden Age and locked Victor and Alla out of Golden Age's offices, eliminated their access to Golden Age's corporate bank accounts, and cut off their access to their corporate e-mail accounts. (Id. ¶¶ 19-20.) Inga also terminated Victor's employment with Golden Age. (Id. ¶ 21.) Since September 28, 2012, Victor and Alla have been frozen out of all aspects of Golden Age's business and have had no access to the corporation's financial books, corporate records, and bank accounts. (Id. ¶¶ 22-23.)

The Complaint asserts four claims for relief. Count I asserts a claim for dissolution of Golden Age pursuant to 15 Pa. Cons. Stat. Ann. § 1981; Count II seeks an accounting of the

financial records of Golden Age; Count III asserts a claim for breach of the oral agreement; and Count IV asserts a claim for breach of fiduciary duty. Defendants have not yet filed an Answer to the Complaint.[1]

## II.     THE MOTION TO INTERVENE

Golden Age has moved to Intervene as a Defendant pursuant to Federal Rule of Civil Procedure 24. Rule 24 provides for intervention as of right for an individual or entity who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Golden Age also moves, in the alternative, for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b), which provides that "On timely motion, the court may permit anyone to intervene who:  (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

Plaintiffs argue that we should deny Golden Age's Motion to Intervene because Golden Age has not been authorized to bring the instant Motion and Defendants cannot bring this action on behalf of Golden Age. Pennsylvania law provides that the business of a corporation shall be managed by its board of directors:

> the business and affairs of every business corporation shall be managed under the direction of, a board of directors. If any such provision is made in the bylaws, the powers and duties conferred or imposed upon the board of directors by this subpart shall be exercised or performed to such extent and by such person or persons as shall be provided in the bylaws.

---

[1] Defendants and Golden Age filed a Joint Motion to Dismiss this action simultaneously with the filing of Golden Age's Motion to Intervene. (See Docket No. 6.)

Pa. Cons. Stat. Ann. § 1721(a).  Golden Age contends that Inga, who has been identified as the president of Golden Age on a federal tax form (Mot. Ex. C), has the authority to cause Golden Age to intervene in this action.  In support of this contention, Golden Age has submitted a document that it contends is the company's Bylaws.[2]  (Reply Ex. A.)  The purported Bylaws have not been executed, and Plaintiffs deny that Golden Age even has bylaws.  (Reply Ex. A; Pls. Mem. at 5.)  Moreover, even if these Bylaws were operative, they do not give Golden Age's president the power to institute lawsuits.  Rather, the Bylaws vest the power to manage the business and affairs of the company in a "Chief Manager" comprised of no more than seven members, and there is no evidence before us that Golden Age has selected and/or appointed a Chief Manager.  (See Reply Ex. A, Art. IV § 1.)  There is also no evidence before us that any Chief Manager has authorized Golden Age to intervene in this lawsuit.  We therefore conclude that Golden Age did not have the requisite authority to file the Motion to Intervene on its own behalf.

---

[2]Defendants also contend that, as the president of Golden Age, Inga has the authority to bring or defend a lawsuit on behalf of Golden Age even if she has not been explicitly granted that power by the corporation's board of directors.  Defendants rely on Harcourt Wells, Inc. v. Cohen, 6 Pa. D. & C. 3d 183 (Phila. Cnty. 1978), for the proposition that, despite the contrary language of the Pennsylvania Business Corporation law, 15 Pa. Cons. Stat. Ann. § 1721, "it is an accepted principle that where there has been no direct prohibition, the president of a corporation has presumptive authority, in the discharge of his duties, to defend and prosecute suits in the name of the corporation."  Id. at 187-88 (citations omitted).  This does not appear to be a generally accepted legal principle in Pennsylvania.  See McGuire Performance Solutions, Inc. v. Massengill, 904 A.2d 971, 974, 978 (Pa. Super. Ct. 2006) (rejecting trial court's determination, based on Harcourt, "that the president of a corporation could . . . act on behalf of a corporation by instituting suit . . . without the need for approval from the board of directors," but affirming the judgment because "'[a] corporation may ratify unauthorized acts which are within the scope of its corporate powers'" and the board of directors of the plaintiff corporation had, "by virtue of their three and one-third year pursuit of this lawsuit, certainly ratified the corporate action by passive acquiescence" (quoting Collins v. Parkton Compound Boiler Co., 171 A.2d 576, 579 (Pa. Super. Ct. 1961), and citing Pannebaker v. Tuscarora Valley R. Co., 67 A. 923, 924 (Pa. 1907))).

The Motion to Intervene was brought by Defendants together with Golden Age and was filed by Defendants' attorney. Thus, an argument could be made that the Motion to Intervene was brought by Defendants as shareholders of Golden Age on the corporation's behalf. However, Pennsylvania law provides that "[d]ecisions regarding litigation by or on behalf of a corporation . . . are business decisions as much as any other financial decisions. As such, they are within the province of the board of directors." Cuker v. Mikalauskas, 692 A.2d 1042, 1048 (Pa. 1997) (citing 15 Pa. Cons. Stat. Ann. § 1721). Consequently, "[u]nder Pennsylvania law, a shareholder cannot ordinarily bring an action on behalf of the corporation without first making demand on the board of directors to pursue the action." Warden v. McLelland, 288 F.3d 105, 110-11 (3d Cir. 2002) (footnote omitted) (citing Cuker, 692 A.2d 149-50). There is no evidence that Defendants made a demand on Golden Age's board of directors prior to filing the Motion to Intervene. Therefore, Defendants, who are shareholders of Golden Age, could not move on behalf of Golden Age for Golden Age's intervention in this lawsuit. Based on the record before us, we conclude that Golden Age was not authorized to bring the instant Motion to Intervene and that Defendants were not authorized to file the Motion on behalf of Golden Age. The Motion to Intervene is, accordingly, dismissed.

### III.   THE REQUEST TO JOIN GOLDEN AGE AS A DEFENDANT

Defendants have alternatively requested that Golden Age be joined as a Defendant in this action pursuant to Federal Rule of Civil Procedure 19 or 20. Federal Rule of Civil Procedure 19 requires joinder of a party under the following circumstances:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

>   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>>    (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>>    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Defendants argue that Golden Age should be joined as a defendant in this action because it has a significant interest in this action, which may be affected or impaired by the disposition of this action. Specifically, Defendants note that Golden Age will be dissolved if Plaintiffs are successful as to Count I of the Complaint. Defendants further argue that Count II, which seeks an accounting of Golden Age's financial records, may also directly affect Golden Age's interests.

Golden Age is a Pennsylvania limited liability corporation that is subject to service of process and its joinder in this action will not deprive this court of subject matter jurisdiction over this action. We agree with Defendants that Golden Age has an interest in the subject matter of this action and that disposing of this action in Golden Age's absence may, as a practical matter, impair and impede Golden Age's ability to protect its interests in continuing its business. We therefore conclude that Golden Age should be joined as a Defendant to this action pursuant to Federal Rule of Civil Procedure 19. Defendants' request that Golden Age be joined as a Defendant in this action is, accordingly, granted.[3]

Golden Age will, however, need to obtain its own counsel once it has been joined in this action. As noted above, Inga and Volodymyr's attorney filed Golden Age's Motion to Intervene

---

[3] Since we grant Defendants' request that Golden Age be joined as a Defendant pursuant to Federal Rule of Civil Procedure 19, we need not address their alternate request that Golden Age be joined as a Defendant pursuant to Federal Rule of Civil Procedure 20.

on behalf of Golden Age. At the same time, counsel admitted Golden Age may have a conflict of interest with Inga and Volodymyr, and vice versa. (Mot. to Intervene ¶ 10.) Under the circumstances presented here, we find that there is a concurrent conflict of interest between Golden Age and the other Defendants in this case. See Pennsylvania Rules of Professional Conduct ("RPC") 1.7. Although a concurrent conflict of interest may be waived if each affected client gives informed consent, see RPC 1.7(b)(4), such a resolution seems impossible here, since the ownership of Golden Age is split, with Plaintiffs controlling 50% of the shares of Golden Age and Inga and Volodymyr controlling the other 50%, and Plaintiffs claim that the directors are deadlocked regarding the management of Golden Age. (Compl. ¶ 27.) We therefore conclude that Inga and Volodymyr's attorney cannot represent Golden Age in this action and that Golden Age must retain its own counsel.[4] RPC 1.7(a).

## IV. CONCLUSION

For the reasons stated above, Golden Age's Motion to Intervene in this action pursuant to Federal Rule of Civil Procedure 24 is dismissed. Defendant's alternate request that Golden Age be joined as a Defendant in this action pursuant to Federal Rule of Civil Procedure 19 is granted. Plaintiffs have requested leave to file an Amended Complaint adding Golden Age as a Defendant to this action. That request is granted. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

---

[4] Counsel for Plaintiffs indicated, during a Preliminary Pretrial Conference held on January 24, 2013, that Plaintiffs consent to Golden Age's retaining its own counsel in this action.